By thr Court.
1. One of the stipulations of the undertaking was that the plaintiff “would duly prosecute the action,” and this means prosecute it to effect. This he failed to do. True, the action was dismissed for want ot jurisdiction in the justice to try it, and on the motion of the defendant, But the plaintiff cannot be heard to complain of that because he elected to bring his action in that, court, and used its process to obtain possession of the property in dispute, which he still retained; neither can his-sureties, because, by signing the undertaking they agreed to make good the default of the principal, and whatever liability attaches to him by reason of the obligation, must equally bind them. The defendant is not at fault. He was given the choice either to challenge the jurisdiction, or, by silence, consent to have his rights adjudicated by a court which was'without jurisdiction. He should not be prejudiced by this effort to vindicate his rights.
2. The agreed statement of facts shows that the plaintiff had been the legal owner of a life estate in 142 acres of land, on which, with his family, he resided. He had no other real estate. Prior to the beginning of the suit in replevin, he had made a deed of this parcel of land to a creditor as security for a debt, with an agreement that when the debt should be paid the grantee would deed it back. In other words, Biddinger’s deed was but an equitable mortgage. Under the principle laid down in Bartram v. McCracken, 41 Ohio St., 377, he was the owner of a homestead, and therefore not entitled to hold exempt from execution personal property in lieu of a homestead.' There is no error in the charge.

Judgment affirmed.